
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Division



JACK MOORE,

    Plaintiff,

vs.   Case No.: **98-8056 CIV-RYSKAMP**

WYLE ELECTRONICS, a
California Corporation,   MAGISTRATE JUDGE VITUNAC

    Defendant.

_____/

## COMPLAINT

Plaintiff, Jack Moore, by and through the undersigned counsel and files this Complaint against Defendant, WYLE ELECTRONICS, a California Corporation ("WYLE"), and states as follows:

### I - INTRODUCTION

1. This is a proceeding for injunctive relief and monetary damages to remedy discrimination on the basis of age in the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621, et seq. ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. Section 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 USC Section 201 et seq., and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("Florida CRA").

1



**JURISDICTION**

2. The jurisdiction of the Court over this case and controversy is based upon the following:

  a. The Court's jurisdiction is conferred by 28 USC Sections 1331 and 1343(a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of Civil Rights;

  b. The Court's jurisdiction is conferred by 28 USC Section 1337 to enforce the provisions of the ADEA; and

  c. 28 USC Section 1367 conferring jurisdiction over supplemental jurisdiction over claims which as so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

## VENUE

3. The venue of this Court over the case and controversy is based upon the following:

  a. Plaintiff avers that Defendant was and/or continues to be doing business in this judicial district within the meaning of 28 U.S.C. Section 1391(c). Accordingly, venue lies in this judicial district pursuant to 28 U.S.C. Section 1391(c).

## PARTIES

4. At all times material hereto, Plaintiff, MOORE, was and continues to be a citizen of the United States and a resident of Palm Beach County, Florida.

5. At all times material hereto, Plaintiff was and continues to be a member of the protected age group within the meaning of the ADEA (i.e. over 40).

2

6. At all times material hereto, Plaintiff was an employee of Defendant WYLE within the meaning of the ADEA and Florida CRA.

7. At all times material hereto, Defendant WYLE was and continues to be a corporation organized under the laws of the State of California.

8. At all times material hereto, Defendant WYLE transacted business and performed services in the State of Florida.

9. At all times material hereto, Defendant WYLE was the employer or former employer of Plaintiff.

10. At all times material hereto, Defendant WYLE was an "employer" within the meaning of the ADEA and Florida CRA

11. At all times material hereto, Defendant WYLE was engaged in an industry affecting commerce within the meaning of 29 U.S.C. Section 630(h).

12. At all times material hereto, Defendant WYLE had twenty or more employees for each workday in each of the twenty or more calendar weeks in the then current or preceding calendar year.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff has fulfilled all conditions precedent to the institution of this action pursuant to 29 U.S.C. Section 206(d), by timely filing a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

14. On or about November 5, 1997, the EEOC issued a Notice of Right to Sue to Plaintiff. (Copy of the EEOC's Notice of Right to Sue is attached hereto as Exhibit 1).

15. Plaintiff has filed this suit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue, and subsequent to 180 days of his filing Charges with the Florida Commission on Human Relations.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

16. On April 10, 1993, Plaintiff was employed by WYLE in a high level executive position.

17. At all times relevant hereto, Plaintiff was duly qualified for the position he held.

18. Defendant removed Plaintiff from his high level executive position.

19. Plaintiff avers that Defendant removed him from his high level executive position because of his age (over 40).

20. Based upon information and belief, Defendant filled Plaintiff's position with a younger individual.

21. The removal of Plaintiff from his high level executive position constitutes an adverse employment action by Defendant.

22. Plaintiff avers that Defendant subjected Plaintiff to adverse employment actions because of his age.

23. The Defendant's acts and omissions set forth in this Complaint constitutes conduct that was willful, wanton, malicious and reckless, demonstrating a knowing and/or reckless disregard for the federally protected rights of others, including Plaintiff.

24. Plaintiff has retained the law firm of Loring N. Spolter, P.A., to represent him in this litigation and has agreed to pay a reasonable fee for the services of his attorneys.

## COUNT I - VIOLATION OF ADEA

Plaintiff realleges and reavers paragraphs 1 through 24 of this Complaint as if fully set forth herein.

25. Defendant has discriminated against Plaintiff in the terms and conditions of his employment, and has denied Plaintiff job opportunities because of his age.

26. Defendant's conduct as set forth herein constitutes unlawful discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621, et seq.

27. As a direct and proximate result of Defendant's willfully discriminatory employment practices, Plaintiff has suffered damages and will continue to suffer damages in the future, including but not limited to :

    a. Loss of past and future income;

    b. Loss of future earning capacity;

    c. Loss of retirement and insurance benefits;

    d. Loss of other fringe benefits;

    e. Other financial losses.

28. Plaintiff is entitled to an award of reasonable attorneys fees costs and expenses related to the litigation under 29 U.S.C. Section 626(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring pursuant to 28 U.S.C. Sections 2201 - 2202 that Defendant has willfully violated the rights of Plaintiff as secured by the ADEA;

    b. Permanently enjoining Defendant from continuing to violate the ADEA;

c. Directing that Defendant implement and post an appropriate discrimination notices and non-discrimination policy in accordance with current federal regulations at Defendant's place of business;

d. Directing that Defendant reinstate Plaintiff with full seniority, backpay and interest thereon, and other benefits;

e. Awarding Plaintiff front pay;

f. Awarding Plaintiff liquidated damages against Defendant for the willful violation of the ADEA pursuant to 29 U.S.C. Section 626(b);

g. Awarding reasonable attorneys fees, costs and expenses related to this litigation pursuant to 29 U.S.C. Section 626(b);

h. Awarding Plaintiff all other sums of money including retirement benefits and other employment benefits, with interest thereon, to which Plaintiff is entitled; and,

I. Ordering any further relief as this Court may deem just and proper.

## COUNT II - VIOLATION OF FLORIDA STATUTES SECTION 760.10

Plaintiff realleges and reavers paragraphs 1 through 24 of this Complaint as if fully set forth herein.

30. Defendant has discriminated against Plaintiff in the terms and conditions of his employment, and has denied Plaintiff job opportunities solely because of his age.

31. Defendant's conduct as set forth herein constitutes unlawful discrimination on the basis of age in violation of the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes (1995).

32.     As a direct and proximate result of Defendant's unlawful and discriminatory employment practices, Plaintiff has suffered damages and will continue to suffer damages in the future, including but not limited to :

a.  Loss of past and future income;

b.  Loss of future earning capacity;

c.  Loss of retirement and insurance benefits;

d.  Loss of other fringe benefits;

e.  Stress, anxiety and emotional distress;

f.  Significant past and future pain and suffering;

g.  Damage to reputation; and

h.  Other financial losses.

33.     Plaintiff is entitled to an award of reasonable attorneys fees, expert fees, costs and expenses related to the litigation pursuant to Section 760.11(5), Florida Statutes (1995).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.  Declaring pursuant to 28 U.S.C. Sections 2201 - 2202 that the acts complained of herein are in violation of the Florida CRA;

b.  Permanently enjoining Defendant from continuing and or maintaining the policy, practice and custom of denying, abridging, withholding or conditioning the state protected rights of employees on the basis of age;

c.  Directing that Defendant reinstate Plaintiff with full seniority, backpay and interest thereon, and other benefits;

d.  Awarding Plaintiff front pay;

7

e.  Awarding Plaintiff backpay, prejudgment interest, post judgment interest and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

f.  Awarding Plaintiff compensatory consequential and punitive damages for his mental anguish and humiliation pursuant to Section 760.11(5), Florida Statutes;

g.  Awarding reasonable attorneys fees, costs and expenses related to this litigation pursuant to Section 760.11(5), Florida Statutes;

h.  Awarding Plaintiff all other sums of money including medical benefits, retirement benefits and all other employment benefits, with interest thereon, to which Plaintiff is entitled; and,

I.  Ordering any further relief as this Court may deem just and proper.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable as of right by jury.

**RESPECTFULLY SUBMITTED**, on this ___th day of February, 1998.

LORING N. SPOLTER, P.A.
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Telephone: (954)728-3494
Telefax: (954)568-9192

By: _Shelley BM Jurad/for_
Loring Spolter
Counsel for Plaintiff

(FBN 962740)

8