IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| JACK MOORE, | CASE NO. 98-8056-CIV-RYSKAMP |
| Plaintiff, | MAGISTRATE JUDGE VITUNAC |
| vs. | |
| WYLE ELECTRONICS, | PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| Defendant. | |

Plaintiff, JACK MOORE, ("Moore"), through his counsel, files this Motion to Compel Discovery Pursuant to Plaintiff's First Request for Production of Documents pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, and states:

## BACKGROUND

This is an age discrimination case. Moore was employed by the Defendant as an executive before he was fired by Defendant and replaced with a younger person. Moore is in his early 60s. In May, 1998, Plaintiff filed a Complaint alleging discrimination in violation of 29 U.S.C. § 621 et seq., the Age Discrimination in Employment Act of 1967, as amended, and the Florida Civil Rights Act of 1992, as amended, Florida Statutes § 760.01 et seq.

## PRELIMINARY STATEMENT

Moore propounded thirteen (13) document requests in his First Request for Production of Documents. Defendant objected to all thirteen requests, the vast majority of which were objected to in their entirety.

The vast majority of Defendant's objections are couched in very general terms. The primary deficiency of these general objections interposed by the Defendant is that they are nothing more than "boilerplate" language of no guidance for Moore or the Court in determining

whether the objections are bona fide. Moreover, Defendant often objects on the basis of relevancy.

"Courts have treated discovery requests in employment discrimination cases liberally." Lyoch v. Anheuser-Busch Cos., 164 F.R.D. 62, 65 (E.D. Mo. 1995) (citing Finch v. Hercules, Inc., 149 F.R.D. 60, 62 (D. Del. 1993)). "[T]he necessity for liberal discovery to clarify complex issues encountered in litigation seeking to redress employment discrimination has been widely recognized." Id. (citing Marshall v. Electric Hose & Rubber Co., 68 F.R.D. 287, 295 (D. Del. 1995)).

In such cases, the plaintiff must be given access to information that will assist the plaintiff in establishing the existence of the alleged discrimination." Lyoch, 164 F.R.D. at 65 (citing Flanagan v. Travelers Ins. Co., 111 F.R.D. 42, 45 (W.D.N.Y. 1986) (stating that the courts should avoid imposing unnecessary limits on discovery in employment discrimination cases) (citations omitted)). "Thus, the scope of discovery must go beyond the specifics of the plaintiff's claim." Lyoch, 164 F.R.D. at 65.

Further, as the late Honorable Charles Richey noted in discussing discovery problems in the Title VII area:

> Plaintiffs should be permitted a very broad scope of discovery in Title VII cases, even in individual employee cases. Since direct evidence of discrimination is rarely obtainable, plaintiffs must rely on circumstantial evidence and statistical data, and evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case.

Charles Richey, Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts, A-26 (Fed. Jud. Ctr. rev. ed. 1986).

The standard provided by the Federal Rules of Civil Procedure is that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not grounds for objections that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).

Additionally, Defendant's use of general objections is improper. The Eleventh Circuit has held that mere boilerplate objections to discovery requests, without more, are insufficient grounds upon which to withhold production of otherwise discoverable documents. <u>Panola Land Buyer's Ass'n v. Schuman</u>, 762 F.2d 1550 (11th Cir. 1985) (denying request for protective order based on conclusory objection).

Moreover, Defendant begins its Response to Moore's First Request for Production with five (5) "GENERAL OBJECTIONS." Use of such general objections is improper, because an objection must state with specificity all grounds. S.D. Fla. L.R. 26.1.G.6(a) and Appendix A, section IV.A(4). Moore notes this violation of the Local Rules at this point, so that it will not be necessary to restate it in each instance where general objections are referenced in Defendant's responses below.

A. **Request No. 1**

Plaintiff's personnel file.

**Defendant's Response:** Defendant objects to ¶ 1 of the request for production insofar as it seeks documents immune from discovery by the work-product doctrine, codified in Fed. R. Civ. P. 26(b)(3). Pursuant to that doctrine and Fed. R. Civ. P. 26(b)(3), Defendant is withholding from production documents bates-stamped W62, W63, W64 and W65, which are handwritten notes of Marty Houldsworth regarding the termination of Plaintiff's employment prepared in anticipation of litigation. In further response to ¶ 1 of the request for production, Defendant produces documents bates-stamped W48 through W61 and W66 through W107. See attached.

3

**Moore's Position:** Moore doubts that the notes in question were prepared in anticipation of litigation, even if they were, Defendant has not followed the applicable local rules pertaining to privilege-based objections to discovery, and even if they were prepared in anticipation of litigation, and even if Defendant did comply with the pertinent local rules, the documents are still discoverable.

Holdsworth is the regional director of human resources and is based in Atlanta. Moore knew Holdsworth and worked with him directly whenever Moore hired or fired employees. In light of this close interaction between Holdsworth and Moore, Holdsworth is a witness, not just some abstract personnel person who prepared documents in anticipation of litigation. If, in fact, the requested documents were not made in anticipation of litigation, they are generally discoverable because they need only comport with Federal Rule of Civil Procedure 26(b)(1)'s basic relevancy requirement. Topol v. Trustees of Univ. of Pennsylvania, 160 F.R.D. 476, 477 (E.D. Pa. 1995).

Moreover, regarding Defendant's purported objection based on privilege, Defendant failed to comply with Local Rule 26.1.G.6(b) which requires a party basing a discovery objection on a claim of privilege to provide certain information in support of such a claim.

Assuming, arguendo, that the requested information was prepared in anticipation of litigation, it is still discoverable. In addition to comporting with Federal Rule of Civil Procedure 26(b)(1)'s basic relevancy requirement, diaries, calendars, journals and the like "prepared in anticipation of litigation . . . [must be produced] upon the showing that the party seeking discovery has substantial need of the materials." Rexford v. Olczak, 176 F.R.D. 90, 91 (W.D.N.Y. 1997) (citing Fed. R. Civ. P. 26(b)(3)).

The courts have found that litigants may demonstrate a "substantial need" for information contained in diaries, calendars, journals and the like made after the prospect of litigation became imminent by the fact itself of their contemporaneous nature, and the fact that the witnesses prior recorded statements may differ from his present account, and yet, without

4

the information, the party seeking discovery would be unable to determine that this is the case. Id. at 92; Carolan v. New York Tel. Co., 1984 WL 368, *4 (S.D.N.Y. 1984); White v. Office of the Pub. Defender for Maryland, 170 F.R.D. 138, 150 (D. Md. 1997); and Zises v. Department of Soc. Servs. of the Human Res. Admin. of New York, 112 F.R.D. 223 (E.D.N.Y. 1986).

Furthermore, the courts have noted that it would be an exercise in futility to require parties to first attempt to obtain the substantial equivalent of that information by way of deposition. Carolan, 1984 WL 384 at *4; see Rexford, 176 F.R.D. at 92. The above cases make clear that a party should produce diaries, calendars, and journals in its possession before the witnesses deposition so that the party can question the witness about the contents thereof. Thus, the requested information must be produced.[1]

**B.    Request No. 2**

Personal file(s) for each and every individual who occupied any of the positions described below at any point from January 1, 1993 through the present:

    e)    vice presidents (of any level and title)

    f)    division managers (of any level and title)

    g)    sales managers (of any level and title)

    h)    operations managers (of any level and title)

    i)    Chief Financial Officer

    j)    Chief Executive Officer

    k)    Chief Operating Officer

    l)    Presidents of all operations and entities owned by the Defendant corporation (of any level and title)

**Defendant's Response:**    Defendant objects to ¶ 2 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not

reasonably calculated to lead to the discovery of admissible evidence, and it is harassing, unduly burdensome and seeks confidential personnel information with no bearing whatsoever on this litigation.

**Moore's Position:** The vast majority of courts deciding whether personnel files are discoverable in <u>disparate treatment</u> cases have held that they are discoverable. <u>Vining v. Runyon</u>, 99 F.3d 1056 (11th Cir. 1996); <u>Coughlin v. Lee</u>, 946 F.2d 1152 (5th Cir. 1991); <u>Weahkee v. Norton</u>, 621 F.2d 1080 (10th Cir. 1980); <u>Ladson v. Ulltra East Packing Corp.</u>, 164 F.R.D. 376 (S.D.N.Y. 1996); <u>Aramburu v. Boeing Co.</u>, 885 F. Supp. 1434 (D. Kan. 1995); <u>Griffith v. Wal-Mart Stores, Inc.</u>, 163 F.R.D. 4 (E.D. Ky. 1995); <u>Parrish v. Ford Motor Co.</u>, 953 F.2d 1384 (6th Cir. 1992) (unpublished text available on Westlaw); <u>Willis v. Golden Rule Ins.</u>, 1991 WL 35008 (E.D. Tenn. 1991); <u>Watts v. Kimmerly</u>, 1996 WL 911254 (W.D. Mich. 1996); <u>Brown v. Oregon Dep't of Corrections</u>, 173 F.R.D. 262 (D. Or. 1997); <u>Ragge v. MCA/Universal Studios</u>, 165 F.R.D. 601 (C.D. Cal. 1998); <u>Wilson v. Martin County Hosp. Dist.</u>, 149 F.R.D. 553 (W.D. Tex. 1993); <u>Gatewood v. Stone Container Corp.</u>, 170 F.R.D. 455 (S.D. Iowa 1996); <u>Hicks v. Big Brothers/Big Sisters of Am.</u>, 168 F.R.D. 528 (E.D. Pa. 1996); <u>Momah v. Albert Einstein Med. Ctr.</u>, 164 F.R.D. 412 (E.D. Pa. 1996); <u>Costa v. Remillard</u>, 160 F.R.D. 434 (D.R.I. 1995). The cited cases are merely a portion of those holding personnel files are discoverable in disparate treatment discrimination cases.

The requested information is necessary for Moore to learn about the performance histories of other high-level executives employed by Defendant. The information is relevant as it provides comparisons between their skills, abilities, successes, and failures for comparative purposes. The information is particularly relevant for the pretext stage, that is, so that Moore can rebut Defendant's legitimate, non-discriminatory reasons. <u>Hollander v. American Cyanamid Co.</u>, 895 F.2d 80, 84 (2d Cir. 1990) (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792,

---

[1] Note that Moore is not seeking Defendant's counsel's summaries, if any, of the information, nor is Moore seeking any correspondence between Defendant's counsel and Holdsworth regarding the substance of

6

804-05 (1973) and <u>Lieberman v. Gant</u>, 630 F.2d 68-69 (2d Cir. 1980)). In <u>Hollander</u>, the court noted that employers rarely leave a paper trail or "smoking gun", and that therefore disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. <u>Hollander</u>, 895 F.2d at 85.

### C.     Request No. 3

Personnel and payroll / wage file(s) for each and every individual listed below:

a)   Joseph Sabatino

b)   John Childres

c)   Jim Haraway

d)   John Inman

e)   Charles Quintero

f)   Fred Clevenger

g)   Bonnie Hypes

h)   Stephanie Berens

**Defendant's Response:**     Defendant objects to ¶ 3 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is harassing and seeks confidential personnel information with no bearing whatsoever on this litigation.

**Moore's Position:**   The requested information is necessary for Moore to learn about the performance histories of other high-level executives employed by Defendant. The information is relevant as it provides comparisons between their skills, abilities, successes, and failures for comparative purposes. The information is particularly relevant for the pretext stage, that is, so that Moore can rebut Defendant's legitimate, non-discriminatory reasons. <u>Hollander v. American Cyanamid Co.</u>, 895 F.2d 80, 84 (2d Cir. 1990) (citing <u>McDonnell Douglas Corp. v.</u>

---

Holdsworth's written information, which fall within the work-product privilege.

Green, 411 U.S. 792, 804-05 (1973) and Lieberman v. Gant, 630 F.2d 68-69 (2d Cir. 1980)). In Hollander, the court noted that employers rarely leave a paper trail or "smoking gun", and that therefore disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. Hollander, 895 F.2d at 85.

Regarding the individuals, Sabatino replaced Moore, in effect. Defendant placed Sabatino in Moore's role after firing Moore and told him that if he did a good job, he would be promoted to vice-president, the ranking Moore had. Thus, as stated in Section C. above, Moore seeks the information for comparative purposes at the pretext stage.

Childress was a divisional manager based in Alabama who flew down weekly to Florida. Inman was Moore's direct supervisor, and was titled vice president regional manager. Thus, as stated in Section C. above, Moore seeks the information for comparative purposes at the pretext stage.

Quintero was a former accounts manager who has stated that he overheard Defendant's executives comment about Moore's age. Among other things, Moore is entitled to view the requested information so that he may make a determination as to Quintero's credibility.

Clevenger was a former systems sales representative who overheard Defendant's executives make comments about Moore's age. The same with Hypes and Berens. Among other things, Moore is entitled to view the requested information so that he may make a determination as to their credibility.

D.   **Request No. 4**

For persons listed below or occupying any of the positions listed below (at any point in time from January 1, 1993 through the present), provide any and all documents which make reference to ages, dates of birth, physical appearance(s), physical characteristics, athletic skills, stamina, speed, or any other physical character trait:

a)   vice presidents (of any level and title)

8

b)   division managers (of any level and title)

c)   sales managers (of any level and title)

d)   operations managers (of any level and title)

e)   Chief Financial Officer

f)   Chief Executive Officer

g)   Chief Operating Officer

h)   Presidents of all operations and entities owned by the Defendant corporation (of any level and title)

i)   Joseph Sabatino

j)   John Childres

k)   Jim Haraway

l)   John Inman

**Defendant's Response:**   Defendant objects to ¶ 4 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is harassing and unduly burdensome.

**Moore's Position:**   Regarding Defendant's relevance objections, the files asked are reasonably calculated to lead to the discovery of admissible evidence. See Moore's Position in Sections B. & C. Requests No. 2 & 3 above for why the information is highly relevant for use at the pretext stage.

Additionally, the reasons why the requested information is reasonably calculated to lead to the discovery of admissible evidence in an age discrimination case is self-evident. The use of statistical evidence in age discrimination cases is well documented. Wiehoff v. GTE Directories Corp., 61 F.3d 588, 596 & n.8 (8th Cir. 1995) (noting that "[w]e have frequently approved the use of statistical evidence in age discrimination cases, holding that such background evidence maybe critical for the jury's assessment of whether a given employer was more likely than not to

have acted from an unlawful motive"). See also Haun v. Ideal Indus., 81 F.3d 541, 544 (5th Cir. 1996) (approving the use of statistics) and Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 345 n.18 (4th Cir. 1994). Therefore, the requested information is clearly discoverable.

Regarding Defendant's objection based on burdensomeness, the courts have noted that "[t]he production of discovery materials is often a costly and burdensome enterprise. It can involve many hours of labor . . . . The resistance to discovery [because it may be burdensome] will not be sustained, however, unless the discovery sought is found to be unreasonably burdensome." Orbovich v. Macalester College, 119 F.R.D. 411, 416 (D. Minn. 1988). Thus, the requested information must be produced.

E.  **Request No. 5**

Photographs taken of any of the individuals below who were employed by the Defendant at any point in time from January 1, 1993 through the present:

   a)   vice presidents (of any level and title)

   b)   division managers (of any level and title)

   c)   sales managers (of any level and title)

   d)   operations managers (of any level and title)

   e)   Chief Financial Officer

   f)   Chief Executive Officer

   g)   Chief Operating Officer

   h)   Presidents of all operations and entities owned by the Defendant corporation (of any level and title)

   i)   Joseph Sabatino

   j)   John Childres

   k)   Jim Haraway

   l)   John Inman

**Defendant's Response:** Defendant objects to ¶ 5 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is harassing and unduly burdensome.

**Moore's Position:** Moore is entitled to the photographs so that he can determine who "looks" older or younger than their actual ages in light of the comments that many of Defendant's high-level executives made regarding older workers. These comments were lodged at "older" people and photographs may indicate who was subjected to age bias.

F.  **Request No. 6**

Any news releases or press releases issued on or after January 1, 1993 which referred to the age(s) of any person named or described in such newsletter or press release.

**Defendant's Response:** Defendant objects to ¶ 6 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is vague and overbroad.

**Moore's Position:** This request is self-evident in an age discrimination case, as the requested information may constitute direct evidence of age discrimination. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

G.  **Request No. 7**

Any report provided, prepared or issued on or after January 1, 1993 through the present by Defendant to owners, investors, lenders, suppliers, clients, customers, stockholders, governmental agencies, and / or news release or press release which referred to the age(s) of any person named, featured, detailed or described in such document.

**Defendant's Response:** Defendant objects to ¶ 7 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not

reasonably calculated to lead to the discovery of admissible evidence, and it is vague, overbroad and unduly burdensome.

**Moore's Position:** This request is self-evident in an age discrimination case, as the requested information may constitute direct evidence of age discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

H. **(First) Request No. 8**

Any document provided, prepared or issued after January 1, 1993 through the present which mentions any of the words or terms or phrases appearing below:

    a)    youth, youthful, youth like, youth oriented or any other word bearing the root youth.

    b)    young, younger, youngest.

    c)    fresh (referring to a person as opposed to any product, idea or item)

    d)    middle age, middle aged

    e)    older, oldest (referring to a person as opposed to any product, idea or item)

    f)    dinosaur, relic, antique, left over, has been, antiquated (referring to a person as opposed to any product, idea or item)

    g)    tired, tiring, tires (referring to a person as opposed to any product, idea or item)

**Defendant's Response:** Defendant objects to ¶ 8 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is vague, overbroad and unduly burdensome.

**Moore's Position:** This request is self-evident in an age discrimination case, as the requested information may constitute direct evidence of age discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

I.  **(Second) Request No. 8**

Any charts, diagrams or other visual displays listing ages or dates of birth for any of the following:

- a) vice presidents (of any level and title)
- b) division managers (of any level and title)
- c) sales managers (of any level and title)
- d) operations managers (of any level and title)
- e) Chief Financial Officer
- f) Chief Executive Officer
- g) Chief Operating Officer
- h) Presidents of all operations and entities owned by the Defendant corporation (of any level and title)
- i) Joseph Sabatino
- j) John Childres
- k) Jim Haraway
- l) John Inman

**Defendant's Response:** Defendant objects to ¶ 8 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is vague, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant states that John Inman's date of birth is 2/20/47.

**Moore's Position:** See Moore's Position to Sections B. & C. Request Nos. 2 & 3, supra, for why the requested information is relevant and is reasonably calculated to lead to the discovery of admissible evidence.

13

J.     **Request No. 9**

Any reports, memos, correspondence or other documents indicating that customers, suppliers or other "outsiders" doing business with the Defendant or its entities did prefer to business with, socialize with, meet with, spend time with, or otherwise visit with young or younger Wyle employees or executives.

**Defendant's Response:**     Defendant objects to ¶ 9 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is vague and overbroad.

**Moore's Position:**     This request is self-evident in an age discrimination case, as the requested information may constitute direct evidence of age discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

K.     **Request No. 10**

Any reports, memos, correspondence or other documents indicating that Wyle employees and / or executives did prefer to business with, socialize with, meet with, spend time with, or otherwise visit with young or, younger Wyle employees or executives.

**Defendant's Response:**     Defendant objects to ¶ 10 of the request for production in its entirety. It seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is vague and overbroad.

**Moore's Position:**     This request is self-evident in an age discrimination case, as the requested information may constitute direct evidence of age discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

L.     **Request No. 11**

Each and every Operation Performance Index for the Fort Lauderdale Division, from date of inception of Index to the present.

14

**Defendant's Response:**   Defendant objects to ¶ 11 of the request for production on the grounds that it seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is overbroad, insofar as it requests Operational Performance Indices which post-date Plaintiff's discharge. Subject to and without waiving the foregoing objections, Defendant will produce, to the extent it has retained them, Operational Performance Indices for 1994, 1995, and 1996 for the Fort Lauderdale Division, upon Plaintiff's approval and execution of a confidentiality order and joint motion for entry of same (a proposed confidentiality order and joint motion for entry of same were mailed to Plaintiff's counsel, Loring Spolter, on June 25, 1998).

**Moore's Position:**   Operational Performance Indexes show how divisions and branches fared in comparison to each other. Moore is entitled to this information so that he can determine how his division performed in comparison to the other divisions. The requested information lists comparisons by categories of performance and also summarizes performance. Therefore, the requested information is reasonably calculated to lead to the discovery of admissible evidence.

M.   **Request No. 13**

Profit and loss statements for the Fort Lauderdale Division from three years prior to Plaintiff's date of hire through the present.

**Defendant's Response:**   Defendant objects to ¶ 12 of the request for production on the grounds that it seeks information not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is overbroad, insofar as it requests profit and loss statements which post-date Plaintiff's discharge. Subject to and without waiving the foregoing objections, Defendant will produce, to the extent it has retained them, operating statements for 1995 and 1996 for the Fort Lauderdale Division, upon Plaintiff's approval and execution of a confidentiality order and joint motion for entry of same (a

proposed confidentiality order and joint motion for entry of same were mailed to Plaintiff's counsel, Loring Spolter, on June 25, 1998).

**Moore's Position:** This request will enable Moore to determine the performance of his division during his tenure and for a couple years before and after his tenure for comparative purposes. Therefore, the requested information is reasonably calculated to lead to the discovery of admissible evidence.

## CONCLUSION

Based on the foregoing, Moore respectfully requests that this Court compel Defendant to answer the requests for production.

## CERTIFICATE PURSUANT TO LOCAL RULE 26.1.I

I HEREBY CERTIFY that counsel have conferred in a god faith effort to resolve the issues raised in the discovery motion and have been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by U.S. mail to: Wendolyn S. Busch, Esq., Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., 2700 Barnett Plaza, Post Office Box 1102, Tampa, Florida 33601, this ____ day of August, 1998.

Loring N. Spolter, P.A.
Attorney for Plaintiff
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, FL 33304
Tel. (954) 728-3494
Fax (954) 568-9192

By_____
Loring N. Spolter, Esq.
Fla. Bar No. 0864196